UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 3:14cr00025-6 |
| ) | |
| JAMEL J. JACKSON, ) | By:   Joel C. Hoppe |
| Defendant. ) | United States Magistrate Judge |
| ) | |

**REPORT & RECOMMENDATION**

This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). Defendant Jamel J. Jackson waived his right to plead before a United States district judge and consented to proceed before the undersigned magistrate judge.

On January 15, 2015, Jackson appeared with counsel before the magistrate judge, who personally addressed Jackson and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to Jackson that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence Jackson receives may be different than any estimate given by his attorney. The Court also admonished Jackson that if the district judge does not accept a recommendation set forth in the plea agreement, Jackson will still be bound by his plea and will have no right to withdraw it. Jackson stated that he understood the Court's admonishments.

1

The attorney for the Government stated the essential terms of the plea agreement, which has been filed with the Court, and Jackson agreed that those in fact were the terms of the agreement. Jackson further stated that he had read the plea agreement and that he understood it. Accordingly, the undersigned finds that Jackson understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed Jackson personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned found Jackson to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The Government presented a statement of facts, which has been filed with the Court, regarding the offense to which Jackson pleaded guilty. Jackson testified that he read and discussed the statement of facts with his attorney, agreed that the statement of facts was accurate, and did not contest those facts. Having reviewed the statement of facts, I find that a sufficient factual basis exists for Jackson's guilty plea as to each essential element of the offense charged. Fed. R. Crim. P. 11(b)(3).

Jackson pleaded guilty to conspiring to distribute and to possess with intent to distribute 28 grams or more of a substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii), as charged in Count 1 of the Indictment.

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the presentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence does not exist that the defendant is not likely to flee or pose a danger to the community if released:

The defendant has been held in pretrial detention and did not request release.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy [of this Report and

Case 3:14-cr-00025-NKM-JCH   Document 205   Filed 01/20/15   Page 4 of 4
                              Pageid#: 622

Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Glen E. Conrad, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: January 20, 2015

*/s/ Joel C. Hoppe*

Joel C. Hoppe
United States Magistrate Judge